Railroad Co. vs. City.

No. 10,927.

NEW ORLEANS, CITY & LAKE RAILROAD COMPANY VS. CITY OF NEW ORLEANS.

When the city of New Orleans grants a privilege to a corporation to construct a street railway through a street, the neglect of the corporation to comply with its obligation can be taken advantage of only by the city.

Another corporation running a line of street cars over the same street can not interpose the defences of the city in aid of a grant of an exclusive privilege over the same street.

If the city does not declare the grant forfeited, and the corporation, without interference on the part of the city, constructs its road, the city is estopped from forfeiting the grant.

The streets are the common property of all the inhabitants of the city, and the corporation holds them in trust for their use and benefit.

The City Council is without power to sell for even a limited time the exclusive privilege to use a street for any particular purpose.

It can only regulate their use and management, which involves the exercise of the use of the police power of the city, which is inalienable.

The charter of the city of New Orleans, Act No. 7 of 1870, did not confer power upon the corporation to grant the exclusive privilege of the use of a street. The power conferred was restricted to the regulation and management of the streets.

1

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*Buck, Dinkelspiel & Hart* for Plaintiff and Appellant:

1. Franchises to construct and maintain street railways, when acquired for value, constitute property in the highest sense of the term, and can not be impaired or taken away except under the exercise of the power of eminent domain. 32 An., p. 915; People vs. O'Brien, 111 N. Y., p. 1; Pierce on Railroads; Elliott on Streets and Roads; Dillon on Municipal Corporations; 73 Iowa, 502; 33 Northwest Reporter, 610. References and authorities cited in the brief.

2. A stipulation in a contract of sale of right of way, based upon ordinances passed by the municipal corporation, to the effect that "The city of New Orleans binds herself not to grant during the period for which said franchises are sold a right of way to any other railroad company upon the streets upon which said right of way is hereby sold, unless by mutual agreement between the city and the purchaser or purchasers of this franchise," is not a grant of an exclusive privilege or monopoly, in the sense in which these terms are usually understood in the laws and constitutions of this State; but even if so, in the absence of a constitutional provision, prohibiting the granting of monopolies or exclusive privileges, the Legislature of the State could validly make such a grant

Where such a grant is made by the city of New Orleans exercising the power vested in her by the State, the only question that can arise is a question of delegation of the necessary power.

Railroad Co. vs. City.

3. When the contract in question, dated October 2, 1879, was entered into, there was no prohibition in the laws or in the Constitution of the State against such a grant; the Legislature could, therefore, have legally made it, or delegated the power to do so to a municipal corporation.

4. Under the Charter of 1870, Act 7, extra session of that year, and in other legislative acts, the State had delegated "full power," meaning all her power in the premises, to the city of New Orleans. (References in brief.)

5. The loss in daily receipts is the proper measure and criterion of damage, by reason of competition with lines of railroad operating in the same street.

6. Rights of way resulting from ordinances which have never been accepted or acted upon are mere licenses, revocable at the pleasure of the council. In such cases the question whether they are forfeited for non-user, etc., does not arise. (Authorities cited in brief.)

7. Parol testimony is not admissible in a collateral proceeding to show parties to a judicial record other than those there in named.

8. A contract with a municipal corporation is governed as to its interpretation meaning and scope by the same rules of evidence as are applied to contracts between private persons.
    Obvious errors or omissions can be supplied by parol testimony.

---

*W. B. Sommerville*, Assistant City Attorney, for Defendant and Appellee:

1. Where the evidence shows a steady increase in the yearly receipts of plaintiffs, over receipts of former years, certainly no damage for losses during the years of increase is proved. Plaintiffs, therefore, have no case.

2. The Council of the City of New Orleans is without power to grant an exclusive right of way on the streets to a railroad company. Constitution, Art. 46, par. 14; Act No. 7, E. S. of 1870, Sec. 12, pars. 2 and 11. pp. 35 and 36; Brown vs. Duplessis, 14 An. 854; Canal & Claiborne St. R. R. Co. vs. Crescent City R. R. Co., 41 An. 561; 6 So. R. 849; Canal & Claiborne St. R. R. Co. vs. Orleans R. R. Co., 43 An. —; 10 So. R. 390; New Orleans City R. R. Co. vs. Crescent City R. R. Co., 12 Fed. R. 308; Elliott on Roads and Streets, pp. 566, 567, 568 and 573.

3. Plaintiffs can not plead ignorance of the law, and have judgment in damages for the violation of a contract which is based upon an act *ultra vires* of the municipal council.

4. Plaintiff had full knowledge of the grant to operate street railroads conferred upon Seymour and others, and of the full operation of those grants at the time it came into existence, on June 9, 1893. It could not possibly have been deceived into believing that it was obtaining an exclusive right of way, and it therefore has no cause for complaint.

5. The right granted by the council to the Crescent City R. R. Co. to connect their upper and lower termini by laying a track for that purpose for a very short distance, even on a street set apart for the exclusive use of plaintiffs, can not be construed into a violation of such right. Plaintiffs may be called upon at any time by those administering the affairs of the community to suffer some slight inconvenience or loss, when the whole community is to be benefited thereby. A street railroad is a necessity as well as a convenience in a large city.

6. To recover damages, plaintiffs must make their claim certain; to make it only probable is not enough. Smith vs. Thiellen, 17 An. 239; Vidalat & Co. vs. City of N. O., 43 An. —.

The opinion of the court was delivered by

McENERY, J.    The plaintiff, the successor of the New Orleans City Railroad Company, sued the City of New Orleans for damages for an alleged violation of contract entered into between the city and the New Orleans City Railroad Company.

The plaintiff claims that the New Orleans City Railroad Company, whose right it acquired, had the exclusive right under said contract of operating a street railway on Camp street between Felicity and Clio stree s, and that the City of New Orleans granted the right to another company, to which the Crescent City Railroad Company is the successor, to operate a street railway on Camp street over the same territory granted to the plaintiff.

In the grant to, or a contract with plaintiff, which was for a valuable consideration, there is the following clause:

"The City of New Orleans binds herself not to grant during the period for which said franchises are sold a right of way to any other company upon the streets through which said right of way is herein sold, unless by mutual agreement between the city and the purchaser or purchasers of this franchise." The New Orleans City Railroad Company paid a price for the sale of the exclusive privilege stated in the contract.

There was judgment against the plaintiff corporation, which has appealed.

When this privilege was sold to plaintiff's assignor there was in existence a grant to Shelby Seymour and associates, to whose rights and privileges the Crescent City Railroad Company succeeded, and which corporation is now operating a street railway over the street to which plaintiff claims the exclusive right to operate its road.

This privilege is attacked by plaintiff as having no existence prior to its grant, having become inoperative, null and void.

The plaintiff alleges that the grant was never accepted and its conditions never complied with. The grant was accepted before a notary December 14, 1871.

The act was not signed. by the city authorities, but it was unnecessary for the city to sign the same, as she had already made the grant by a city ordinance. In 1872 a petition was filed praying for an injunction restraining Seymour and associates from building their street railway by the St. Charles Street Railway Company. In 1880 the injunction issued as prayed for, but on June 2 of the same year the suit was discontinued.

In November, 1879, the City Council, in ordinance 6192, administration series, after reciting the delays caused by litigation in the construction of said street railway, also that the contractor was then able to undertake the construction of the same, ordered and directed the city surveyor to furnish the lines and levels for the road. The grant to the plaintiff was made October 2, 1879.

The plaintiff in setting up this exclusive privilege to operate a street railway on Camp street can not take advantage of any laches if there were any, which affected the city only, and of which it had the only right to complain. The city had never declared the grant forfeited for non-compliance with the ordinance.

It was a legal and valid grant so far as it authorized the construction of the street railway. It was in existence when the privilege to plaintiff's assignor was granted. The city had never by ordinance declared the grant forfeited, and if it remained silent and the road was built, even "out of time," the city can not complain and afterward urge the forfeiture of the grant for non-compliance with the conditions. If the city is thus estopped, the plaintiff is also, and can not set up any adverse claim to the privilege granted to Seymour and associates. Railroad Company vs. Sledge, 41 An. 896.

Seymour and associates or their assignees had the right to construct the road and fulfil the conditions subsequent as long as no effort was made by the city to forfeit the grant. Mower vs. Kemp, 42 An. 1007.

The prior privilege to Seymour and associates is a complete bar to plaintiff's action. When the grant was made to the plaintiff it had reference to, and was made under existing ordinances relating to the control and regulation of the streets over which its line of cars was to run.

But, independent of the above facts, the City Council was without power to grant the exclusive use of the streets to any person or corporation. 41 An. 561; Canal & Claiborne Street Railroad Company vs. Crescent Railroad Company, recently decided; 14 An. 842.

The City of New Orleans has permanent control of the streets, but only so far as to regulate their use. The streets are the common property of all the inhabitants of the city, and the corporation holds them in trust for their use and benefit.

The City Council is without power to sell for even a limited time an exclusive privilege to use the streets.

It can only regulate their use and management, which involves the exercise of the police power of the city, which is inalienable. Every inhabitant has the right to the free enjoyment and use of the streets, and may employ for his service and pleasure any mode of conveyance which he may deem necessary, subject to this police regulation. For his convenience in going from one part of the city to another, the City Council may authorize the construction of a street railway, which may travel the same route which he would take to his destination. It may have to cross the lines of other roads, and may for short distances be compelled, in going from one street to another, to use their tracks. That the City Council has this power we have affirmed in the cases reported in the 41, 43 Annuals, and the recent decision in the case of Canal & Claiborne Street Railroad vs. Crescent Railroad.

In the instant case the road of the Crescent City Railroad Company occupies that portion of Camp street unoccupied by plaintiff and runs on said street a distance necessary for it to reach its destination on another street.

It does not occupy plaintiff's track.

The plaintiff corporation contends that the Legislature conferred upon the City of New Orleans full power to grant the exclusive use of a street for a limited time to operate a street railway.

In refering to the city charter, under which plaintiff claims the privilege, Act No. 7, Section 12, paragraphs 2 and 11 of 1870, we do not find any such power granted to the city.

The power conferred is restricted to the regulation and improvement of the streets.

The grant of the exclusive privilege claimed by plaintiff was not an act of legislation on the part of the City Council, but a contract, made without authority so far as it relates to the granting of the exclusive right to operate a street railway on Camp and other streets, and is therefore *ultra vires*.

If the contract was maintained it would deprive the City of New Orleans of the police regulation of the streets, a power granted to the city under the charter of 1870.

The City of New Orleans can not be held in damages for the breach of a contract made by the City Council without the authority of law, and which is *ultra vires*.

Judgment affirmed.